MINUTE ENTRY
MILAZZO, J.
July 25, 2019

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**TYRONE CAUSEY**                                    **CIVIL ACTION**

**VERSUS**                                           **NO: 18-6467**

**STATE FARM MUTUAL**                                **SECTION "H"**
**INSURANCE**

**TRIAL PREPARATION AND PROCEDURES (JURY TRIAL)**

Pursuant to the pretrial conference in this matter held July 25, 2019,

**IT IS ORDERED THAT**:

1. Jury trial of this matter, which previously was scheduled to begin on August 19, 2019, shall instead commence at 8:30 a.m. on November 12, 2019 because of a conflict in the Court's schedule. Estimated length of trial is 3 days. Counsel should be present at 8:15 a.m. in the event there remain any issues that must be addressed before trial begins.

2. On or before **November 4, 2019**, the parties shall electronically file:

    (A) A single joint jury instruction document containing agreed to instructions and the parties' respective positions regarding disputed instructions (parties need only refer to numbers of pattern charge)[1], and

---

[1] In the event that any unusual jury instruction requires explanation beyond mere citation to authority, counsel should file briefing with jury instructions.

(B) A single joint verdict form containing agreed-to elements and the parties' respective positions regarding disputed elements.

(C) A joint statement of the case to be read by the Court to prospective jurors prior to voir dire. The statement should not be more than three or four sentences.

3. Trial memorandum shall be required only if ordered by the Court.

4. On or before **November 6, 2019** the parties shall electronically file final witness lists. The list shall identify the witnesses whom the party intends to call at trial in its case in chief. The party who lists these witnesses shall make them available to all other parties, regardless of whether the listing party actually calls the witness. Any witness not listed shall not be permitted to testify, except for rebuttal witnesses. No witnesses may be listed unless counsel has complied with all of the Court's previous orders regarding identification of witnesses.

5. On or before **November 6, 2019**, the parties shall deliver to chambers two tabbed-bench books of exhibits, with a corresponding exhibit list. To the extent practicable, the parties should attempt to combine the exhibits in one joint bench book. In the event the parties determine that the exhibit list is voluminous, a conference with the Court should be requested to determine if the exhibits should be delivered in thumb drive format in lieu of hard copies. The bench book shall delineate those exhibits that are submitted without objection and those to which an objection has been lodged. Objected-to exhibits shall be place in a separate section at the front of the bench book. The party objecting to an exhibit shall provide the basis for the objection using the format identified as Sample 1, attached hereto. On the date of trial, the parties shall bring to Court a set of exhibits, properly marked for identification, which counsel intends to introduce into evidence. If counsel wishes to display exhibits to the members of the jury, counsel should be properly versed in the courtroom's evidence presentation equipment. Counsel shall contact the case manager at (504) 589-7695 to schedule a brief training session on the use of electronic equipment.

6. Absent a showing of good cause, no deposition testimony will be received in a party's case in chief unless identified in the Pretrial Order.

Additionally, the parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. The parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement as to their merit.

The parties shall provide to the Court two copies of all proposed deposition testimony on or before **November 6, 2019**. Any objection not resolved prior to the trial shall be presented to the Court at that time in the format identified in Sample 2. Proponents and opponents shall reference supporting authority as to the proposed testimony as shown in Sample 2.

7. The parties shall exchange any demonstrative exhibits that they intend to use in opening statements by noon on the Friday preceding trial. The Court shall be immediately alerted to any objection to the exhibits. The objection shall be addressed prior to trial.

8. Each trial day after the first will begin at 8:30 a.m. and conclude at 5:00 p.m. There will be a one (1) hour break for lunch and a fifteen (15) minute break in the morning and in the afternoon.

9. The jury will be composed of eight (8) jurors. Each party will have 3 peremptory challenges.

10. Counsel will stand when they address the Court, make objections, or examine witnesses. When making an objection, counsel will state the relevant rule and the basis for the objection. Speaking objections are not permitted.

11. The parties will each be allowed 20 minutes for opening statements.

12. The Court adopts the Proposed Pre-trial Order (Doc. 42) filed by the parties in full except to the extent modified herein.

If needed during trial, counsel are invited to use the Michaelle Pitard Wynne Attorney Conference Center located in Room B-245 on the second floor of the Hale Boggs Federal Building near the crossover to the Courthouse. The space features

three private conference rooms, a lounge, and a computer workroom with internet, copy, fax and print services. Details and information on these services including conference room reservations can be found at http://nofaba.org or by contacting the Executive Director at 504-589-7799 or fbaneworleans@gmail.com.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. 21) is **DENIED** because Defendant failed to carry its burden of proof that there is no genuine dispute of material fact. If Defendant expands and clarifies its Statement of Uncontested Facts, it may re-urge the Motion, which shall be filed to permit a submission date no later than September 11, 2019.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine (Doc. 32) is **DENIED** for the reasons discussed at the Final Pretrial Conference. In particular, the Court notes that Plaintiff failed to sufficiently specify the details of Plaintiff's past litigation history that he wishes to exclude at trial. Further, the Court notes that Plaintiff's request to make a "Golden Rule" argument during closing also is insufficiently specific. For guidance, the Court notes that an argument along the lines of "We all expect insurance companies to honor their obligations" likely would be appropriate, while an argument raised in the form of a question such as "How would you feel if your insurance did not pay you?" would be wholly inappropriate and shall not be allowed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for counsel to be entitled to oral voir dire for at least 30 minutes and for permission to send a questionnaire to the jury venire (Doc. 40) is **DENIED**. The Court notes, however, that each side shall be permitted up to 10 minutes of attorney-conducted voir dire during jury selection.

**IT IS FURTHER ORDERED** that a telephone status conference is **SET** for October 24, 2019 at 1:45 p.m. to discuss any issues that may arise leading up to trial.

Counsel for Plaintiff shall initiate the call and contact the undersigned's chambers at (504) 589-7585 once all parties are on the line.

_____

(JS 10: 60)

**Joint Exhibits**

| Exhibit No. | Description | | |
|---|---|---|---|
| J-1 | Acme Corp. First Report of Injury | | |

**Plaintiff's Exhibits**

| Exhibit no. | Description | Objection | Response |
|---|---|---|---|
| P-1 | Medical Records - Ochsner | Hearsay | FRE 803(4) |
| P-2 | Medical Bills of Plaintiff | Authenticity | Plaintiff will authenticate |

**Defendant's Exhibits**

| Exhibit no. | Description | Objection | Response |
|---|---|---|---|
| D-1 | Safety meeting minutes | Hearsay | FRE 803(6) |
| D-2 | | | |