**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TYRONE CAUSEY**                                              **CIVIL ACTION**

**VERSUS**                                                          **NO: 18-6467**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE CO.**                **SECTION: "H"(1)**

## ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment (Doc. 53). For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

Plaintiff Tyrone Causey brought this suit against his uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, for injuries he sustained in an automobile accident on June 8, 2015. Plaintiff alleges that he sustained injuries to his neck, back, elbow, and knee, and suffers from post-traumatic stress disorder (PTSD), anxiety, and depression as a result of the accident.  Plaintiff alleges more than $130,000 in medical expenses. Defendant State Farm issued an insurance policy to Plaintiff with $1,000,000 in uninsured motorist coverage ("UM coverage") and $100,000 in medical

payments coverage ("MPC"). Defendant paid all of the medical expenses submitted by Causey under the MPC until its $100,000 limit was reached. On June 21, 2016, Defendant made an unconditional tender to Plaintiff for $25,000. Plaintiff alleges that Defendant is in bad faith for failing to tender a reasonable amount to cover his medical expenses and for failing to timely pay his transportation costs.

Defendant moves for summary judgment on Plaintiff's claims for penalties and attorney's fees under Louisiana Revised Statutes § 22:1892.[1] Defendant argues that it was not in bad faith in its handling of Plaintiff's claim, and Plaintiff therefore cannot succeed on these claims.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden

---

[1] The parties incorrectly cite to the earlier numbering of this statute, §§ 22:658.
[2] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Defendant seeks a judgment dismissing Plaintiff's bad faith claims against it. Louisiana Revised Statutes § 22:1892 provides that an insurer in Louisiana has a duty to pay a claim in a timely fashion and that when a failure to pay is found "to be arbitrary, capricious, or without probable cause" then the insurer may be liable for the resulting damages and for statutory penalties,

---

[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

attorney's fees, and costs.[10] To procure penalties and damages, an insured must demonstrate that "(1) an insurer has received satisfactory proof of loss, (2) the insurer fails to tender payment within [30 days] of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause."[11] The Louisiana Supreme Court has held that "arbitrary, capricious, or without probable cause" is synonymous with "vexatious."[12] An insurer is "vexatious" when its refusal to pay a claim is unjustified, without reasonable or probable cause or excuse.[13] "An insurer does not act arbitrarily and capriciously . . . when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage."[14] "The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay."[15]

Defendant argues that its failure to pay Plaintiff's full claim for his injuries is a result of its good faith dispute regarding whether the June 8, 2015 accident was the cause of Plaintiff's injuries. Over the course of two years, Plaintiff has been involved in three automobile accidents. As a result of the first accident, State Farm paid Plaintiff $100,000 in MPC and more than $400,000 in UM coverage for his injuries. As a result of the second accident, State Farm paid Plaintiff $100,000 in MPC and more than $200,000 in UM

---

[10] LA. REV. STAT. § 22:1892(B)(1).

[11] La. Bag. Co., Inc. v. Audubon Indem. Co., 999 So.2d 1104, 1112–1113 (La. 2008).

[12] *Id.* at 1114.

[13] Dickerson v. Lexington Ins. Co., 556 F.3d 290,297 (5th Cir. 2009) (citing Reed v. State Farm Mut. Auto Ins. Co., 857 So.2d 1012, 1021 (La. 2003)).

[14] *Id.* at 297–298.

[15] *Reed*, 857 So.2d at 1021.

coverage for his injuries. Defendant argues that the injuries that Plaintiff alleges he sustained in the accident at issue here ("the Third Accident") are merely a temporary exacerbation of injuries from the first and second accidents for which he has already been compensated.

Defendant asserts that its claims representative made a consistent effort to gather information regarding Plaintiff's treatment after the Third Accident, as well as information pertaining to the first two accidents. It presents evidence that the representative reviewed Plaintiff's claims from each accident to determine which portion of his injuries was caused by the Third Accident. After review of Plaintiff's medical records, Defendant concluded that the Third Accident merely caused a temporary aggravation of pre-existing conditions. In light of this decision, Defendant paid all of the medical expenses submitted by Causey under the MPC until its $100,000 limit was reached and made an unconditional tender to Plaintiff for $25,000.

Defendant argues that it cannot be found to have been arbitrary and capricious in refusing to pay the full amount of Plaintiff's claim because it reasonably disputes the cause and severity of his injuries. Defendant bases this decision on Plaintiff's medical records, the opinions of two doctors who each performed an independent medical examination ("IME") of Plaintiff, the testimony of Plaintiff's treating physicians, and Plaintiff's examination under oath.

Plaintiff's medical records show that Plaintiff was still treating for back pain and PTSD from the first and second accidents a few months prior to the Third Accident. After performing an IME of Plaintiff, Dr. Andrew Todd opined that Plaintiff's current complaints are a result of the first two accidents. He

stated that the Third Accident exacerbated Plaintiff's preexisting degenerative condition but that he has since returned to the baseline of pain that he experienced prior to the Third Accident. Further, Dr. Daniel Trahant, Plaintiff's treating neurologist, attributed only 50% of Plaintiff's treatment to the second and third accidents. Given this information, this Court cannot say that Defendant's decision to offer a tender based only on an exacerbation of preexisting conditions was "arbitrary, capricious, or without probable cause."[16]

Further, Plaintiff does not present this Court with any facts suggesting that Defendant's position was not reasonable or not in good faith. Plaintiff complains that payments were not made timely and that no explanation was given for the $25,000 calculation. These arguments do not make Defendant's position regarding the causation and severity of Plaintiff's injuries arbitrary. Plaintiff has not shown a material issue of fact as to his claim that Defendant was in bad faith for failing to tender the full amount of his claim for his injuries. Accordingly, Defendant is entitled to summary judgment dismissing that claim.

Plaintiff also complains that Defendant failed to timely pay his request for transportation costs. Plaintiff alleges that Defendant failed to pay $5,480 in transportation expenses for nearly four years. Defendant argues that it did not receive satisfactory proof of loss for these expenses until Plaintiff attached an affidavit verifying these expenses to his opposition to this Motion. Defendant argues that prior to receiving this affidavit, the only proof of loss it had received regarding Plaintiff's transportation expenses was a handwritten

---

[16] *See La. Bag. Co., Inc.*, 999 So.2d at 1112–1113.

note from Plaintiff with no explanations. It argues therefore that its delay in paying these expenses was not in bad faith because it had not yet received satisfactory proof of loss.

Section 22:1892 does not define "satisfactory proof of loss." The Louisiana Supreme Court has held that a "satisfactory proof of loss" is "only that which is sufficient to fully apprise the insurer of the insured's claims."[17] Louisiana courts have "adopted liberal rules concerning the lack of formality relative to proof of loss."[18] "So long as the insurer obtains sufficient information to act on the claim, the manner in which it obtains the information is immaterial."[19] Accordingly, there remains a question of fact regarding whether the handwritten note submitted by Plaintiff was a satisfactory proof of loss of his transportation expenses.[20] Such a question is inappropriate for resolution at the summary judgment stage. This Court cannot therefore enter judgment regarding Plaintiff's bad faith claim as to Defendant's failure to pay his transportation expenses.

## **CONCLUSION**

For the foregoing reasons, the Motion is GRANTED IN PART. Plaintiff's claim for bad faith in paying his medical expenses is DISMISSED WITH PREJUDICE. Plaintiff's claim for bad faith in paying his transportation expenses remains pending.

---

[17] *Id.* at 1119 (internal quotations omitted).

[18] Richardson v. GEICO Indem. Co., 48 So. 3d 307, 314 (La. App. 1 Cir. 2010).

[19] Anco Insulations, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 787 F.3d 276, 286 (5th Cir. 2015).

[20] "Proof of loss is a 'question of fact.'" *Id.*

New Orleans, Louisiana this 25th day of October, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**