UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE CAUSEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-6467** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.** | **SECTION: "H"(1)** |

# ORDER

Before the Court are Defendant's Motion in Limine to Exclude Evidence of Bad Faith and Claims Handling (Doc. 90); Plaintiff's Motion for Leave to File Interlocutory Appeal (Doc. 76); and Plaintiff's Memorandum Regarding Voir Dire (Doc. 70).

Plaintiff Tyrone Causey brought this suit against his uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, for injuries he sustained in an automobile accident on June 8, 2015. On October 30, 2019, this Court dismissed on summary judgment Plaintiff's claim that Defendant acted in bad faith in paying for his injuries under the Medical Payment Coverage and Uninsured Motorist coverage of the policy ("Summary Judgment Order").[1]

---

[1] Docs. 73, 74.

1

Trial of this matter is scheduled to begin on November 12, 2019. This Court will address the pending motions in turn.

**A. Motion in Limine to Exclude Evidence of Bad Faith**

After this Court entered the Summary Judgment Order, Defendant reasonably filed a Motion in Limine to exclude from trial any testimony and evidence regarding its bad faith or claims handling.[2] Remarkably, Plaintiff opposed the motion, arguing that he should still be permitted to offer evidence "as to why Plaintiff was not tendered what he is owed under his policy, and whether the investigation of Plaintiff's claims were reasonable."[3] It seems obvious that such evidence would be relevant only to a claim for bad faith.

For Plaintiff's benefit, this Court will outline the issues remaining in this matter:

1. Whether and to what extent Plaintiff was injured in the June 8, 2015 accident (i.e. causation and damages); and
2. Whether Defendant was in bad faith in failing to pay Plaintiff's transportation expenses timely.

Defendant's handling of Plaintiff's claim for his injuries is not relevant to these remaining issues. Plaintiff can set forth evidence of the damages he alleges to have sustained in the accident without reference to Defendant's tender, its amount, its timing, or its reasonableness. Therefore, Defendant's Motion is GRANTED. This Court will not allow Plaintiff to introduce any evidence or testimony or make any reference to Defendant's bad faith and/or claims

---

[2] Doc. 90.
[3] Doc. 99.

handling, unless such is directly related to the Plaintiff's transportation expenses claim.

## B. Motion for Leave to File Interlocutory Appeal

Next, Plaintiff moves for leave to appeal the Summary Judgment Order. Pursuant to 28 U.S.C. § 1292, a court can allow for interlocutory appeal of orders without directing entry of a final judgment on the order. For an interlocutory order to be appealable pursuant § 1292(b), three conditions must be satisfied. The trial judge must certify in writing that: (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion on that question of law exists, and (3) an immediate appeal from the order may "materially advance the ultimate termination of [the] litigation."[4] The moving party carries the burden of showing the necessity of interlocutory appeal.[5] Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment."[6]

Plaintiff's Motion amounts to little more than a disagreement with this Court's ruling and a rehashing of evidence already considered. Plaintiff does not show how the Court's partial grant of summary judgment on a single claim satisfies the conditions outlined above. Specifically, Plaintiff does not show how a piecemeal, interlocutory appeal on the eve of trial would materially advance the ultimate termination of this litigation. Accordingly, Plaintiff's Motion is **DENIED**.

---

[4] 28 U.S.C. § 1292.
[5] Chauvin v. State Farm Mut. Auto. Ins. Co., Nos. 06-7145, 06-8769, 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007).
[6] *Id.* (quoting Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co., 702 F.2d 67, 68–69 (5th Cir. 1983)).

## C. Voir Dire Time Limitation

Finally, Plaintiff filed into the record a memorandum entitled "Memorandum of Plaintiff that It is Improper for a Judge Time Limitations on Counsel's Voir Dire under Louisiana Law."[7] Plaintiff's arguments therein, complaining about this Court's decision to limit each party to ten minutes of attorney-conducted voir dire, are based entirely on Louisiana criminal law. None of these arguments are applicable to this federal civil action. Under federal law, "[t]he trial court has broad discretion to determine who will question potential jurors and what questions will be asked."[8] Indeed, Plaintiff is not entitled to *any* attorney-conducted voir dire; Federal Rule of Civil Procedure 47 states that "[t]he court may permit the parties or their attorneys to examine prospective jurors *or may itself do so.*"[9] Therefore, there will be no change to the Court's previous allotment of ten minutes of attorney-conducted voir dire for each party.

Accordingly;

**IT IS ORDERED** that Defendant's Motion in Limine is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall each be permitted ten minutes of attorney-conducted voir dire.

---

[7] Doc. 70.
[8] United States v. Harper, 527 F.3d 396, 409 (5th Cir. 2008).
[9] FED. R. CIV. P. 47 (emphasis added).

New Orleans, Louisiana this 8th day of November, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**